PER CURIAM.
Homer and Bonner, P.A. (“H & B”); Park One of Florida (“Park One”); and Leonard and Sandra Rubin (“Rubin”)(collectively “appellants”) appeal the trial court’s final judgment approving the amended settlement in a class action suit filed against the City of Miami (“City”). We affirm the substantive portion of the amended settlement agreement. However, we reverse and remand the trial court’s award of attorney’s fees.
Two separate parties brought class action suits against the City challenging the validity of parking surcharges paid at City parking facilities.[1] The surcharge was added pursuant to Section 218.503(5)(a), Florida Statutes (1999). After the surcharge statute was declared unconstitutional, see City of Miami v. McGrath, et al., 824 So.2d 143 (Fla.2002), and after some negotiations, the parties reached an amended settlement agreement. The amended settlement agreement created a common fund of $14 million from which *427 class members could claim a surcharge refund. We affirm this portion of the amended settlement.
The trial court also awarded $8.6 million in attorney’s fees. Using the lodestar method, the trial court awarded counsel hourly rates of $400 and $450 per hour. The trial court then applied a 3.8 multiplier. We agree that the court correctly used the lodestar method to determine the amount of attorney’s fees but find that it was inappropriate to apply a multiplier in this case. See Kuhnlein v. Dep’t of Revenue, 662 So.2d 309 (Fla.1995).
A multiplier was excessive because this case was neither complex nor uncertain. See Kuhnlein v. Dep’t of Revenue, 662 So.2d at 313. Once the statute was declared unconstitutional, the attorneys simply had to negotiate the best deal. Additionally, the class attorney admitted in open court that an hourly fee of between $400-$450 per hour was a more than adequate hourly wage. The Court, along with every attorney in the courtroom, agreed. We reverse and remand for the trial court to enter a new final judgment awarding attorney’s fees in the amount of $952,389.75.
Affirmed in part, reversed in part, and remanded with instructions.

. Patrick McGrath brought the original class action suit against the City challenging the validity of a parking surcharge at parking facilities in the City ("non-County parkers”). Miami Dade County ("County”), in a separate lawsuit, also challenged the validity of the surcharge imposed by the City on users of parking facilities owned or operated by the County but located in the City ("County par-kers”). The City, the County and class counsel agreed to settle both the McGrath case and the County’s case in a combined settlement resulting in the “amended settlement.” The appellants sought to intervene in the McGrath class action suit to assure any settlement was fair to all class members.